IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-30-D

| | |
|---|---|
| TREVOR G. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AARON B. ANDERSON, et al., ) | |
| ) | |
| Defendants. ) | |

On January 20, 2023, Trevor G. Graham ("Graham" or "plaintiff") filed a pro se complaint against Aaron B. Anderson ("Anderson"), Brock and Scott PLLC ("B&S"), Closeline Settlement ("Closeline"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") alleging breach of contract, slander of title, and fraud and seeking damages and declaratory relief [D.E. 1]. On February 19, 2023, MERS moved to dismiss [D.E. 16] and filed a memorandum in support [D.E. 17]. On February 22, 2023, the court issued a Rule 12 notice, notifying Graham of MERS's motion to dismiss [D.E. 20]. On February 27, 2023, Graham responded in opposition [D.E. 26]. On March 13, 2023, MERS replied [D.E. 32]. On March 17, 2023, Graham responded [D.E. 39].

On March 13, 2023, Closeline moved to dismiss [D.E. 30] and filed a memorandum in support [D.E. 31]. On March 13, 2023, the court issued a Rule 12 notice, notifying Graham of Closeline Settlement's motion to dismiss [D.E. 33]. On March 30, 2023, Graham responded in opposition [D.E. 41]. On April 14, 2023, Closeline replied [D.E. 46].

On March 15, 2023, Anderson and B&S moved to dismiss [D.E. 35] and filed a memorandum in support [D.E. 36]. On March 16, 2023, the court issued a Rule 12 notice, notifying

Graham of Anderson and B&S's motion to dismiss [D.E. 38]. On March 30, 2023, Graham responded in opposition [D.E. 42]. As explained below, the court grants defendants' motions to dismiss and dismisses without prejudice Graham's complaint.

I.

This action concerns a default on a home loan and foreclosure on the real property associated with that loan. On March 15, 2007, Graham and Premium Capitol Funding LLC D/B/A Topdot Mortgage ("Premium Capitol") executed an adjustable rate note ("Note") in favor of Premium Capitol. See Compl. [D.E. 1] ¶¶ 6, 8; [D.E. 36-1]. On March 27, 2007, Graham and Premium Capitol secured the Note by a deed of trust ("Deed of Trust"). See Compl. ¶¶ 6, 8; [D.E. 1-2]. The Deed of Trust listed Closeline as trustee for Premium Capitol. See [D.E. 1-2] 2. Paragraph 25 of the Deed of Trust empowers the Lender to substitute the Trustee for the Deed of Trust. See id. at 2–3, 13. On August 4, 2011, the Deed of Trust was assigned to The Bank of New York Mellon. See Compl. ¶ 11; [D.E. 1-4].

On October 29, 2018, Graham filed a complaint in the Wake County Superior Court against Bank of America, N.A., Shellpoint Mortgage Servicing, and MERS. See [D.E. 17] 2; [D.E. 17-1]; [D.E. 31] 3; [D.E. 36] 5. This state court action included substantially similar causes of action for breach of contract, fraud, and slander of title, which challenged the assignment of the Deed of Trust ("assignment"). See [D.E. 17] 2; [D.E. 17-1]; [D.E. 31] 3; [D.E. 36] 5. On October 25, 2019, Superior Court Judge A. Graham Shirley entered an order granting defendants' motion for summary judgment on all claims and confirming the validity of the assignment. See [D.E. 17-1]. On December 17, 2019, Trustee Services of Carolina, LLC ("Substitute Trustee"), was duly appointed as the substitute trustee under the Deed of Trust. See Comp. ¶¶ 12–13; [D.E. 1-6].

2

On April 20, 2022, Graham and his wife ("the Grahams") defaulted on the loan, and the Substitute Trustee initiated a foreclosure proceeding pursuant to the Deed of Trust by filing a notice of hearing. See [D.E. 36-5]. On August 17, 2022, the Clerk of Court of Wake County held a foreclosure hearing. See id. The clerk determined that all requirements for foreclosure under N.C. Gen. Stat. § 45-21.16(d) were met and authorized the foreclosure sale to proceed. See id. On August 26, 2022, the Grahams appealed the clerk's order to the Wake County Superior Court. See [D.E. 36-6]. On October 4, 2022, Superior Court Judge Stephan Futrell determined that all requirements for foreclosure under N.C. Gen. Stat. § 45-21.16(d) were met and authorized the foreclosure sale to proceed. See id. The Grahams did not appeal the court's order.

The foreclosure sale of the property was scheduled for November 30, 2022. On November 28, 2022, the Grahams filed a motion to stay. See [D.E. 36-7]. On November 30, 2022, Superior Court Judge Andrew Hanford denied the Grahams' motion to stay. See id. On November 30, 2022, the foreclosure sale of the property occurred. See id. No upset bids were filed and, by statute, the foreclosure sale confirmed at the close of business on December 12, 2022. See N.C. Gen. Stat. § 45-21.29A; [D.E. 1-7]. On December 14, 2022, the Substitute Trustee granted and conveyed the property. See [D.E. 1-7]. On January 5, 2023, the clerk recorded and audited the final report and account of foreclosure sale. See [D.E. 36-10].

II.

Defendants move to dismiss Graham's complaint for numerous reasons. See [D.E. 17, 31, 36]. Defendants argue that Graham failed to effect proper service on any of the defendants and fails to state a claim upon which relief can be granted. See [D.E. 17] 5, 7–9; [D.E. 31] 7–12; [D.E. 36] 7–17, 20–21. MERS and Closeline argue that the statute of limitations bars all claims. See [D.E. 17] 6–7; [D.E. 31] 12. MERS argues that Graham lacks standing. See [D.E. 17] 7–8. Closeline

3

argues that this court does not have subject-matter jurisdiction and also requests attorney's fees. See [D.E. 31] 6–7, 12–13. B&S and Anderson argue that Graham's claims are moot and barred by the Rooker-Feldman doctrine. See [D.E. 36] 17–20, 22.

A.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021).

A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court has an independent obligation to assess its own subject-matter jurisdiction, and may "raise a lack of subject-matter jurisdiction on its own motion." Id. at 480 (quotation omitted). Under 28 U.S.C. § 1332(a), the court has jurisdiction only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); see, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Graham, as the party asserting that this court has subject-matter jurisdiction, must prove that subject-matter jurisdiction exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Graham contends that this court has subject-matter jurisdiction based on N.C. Gen. Stat. § 1-75.8. See Compl. ¶ 5.[1] N.C. Gen. Stat. § 1-75.8 grants jurisdiction in rem or quasi in rem to courts

---

[1] N.C. Gen. Stat. § 1-75.8 states:

4

of the state of North Carolina. Viewing the complaint in the light most favorable to Graham, this court does not have subject-matter jurisdiction based on N.C. Gen. Stat. § 1-75.8. Cf. Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 101 F.R.D. 779, 782–83 (W.D.N.C. 1984); Hutchinson v. Bank of N.C., N.A., 392 F. Supp. 888, 895 n.7 (M.D.N.C. 1975). The court also lacks diversity jurisdiction under 28 U.S.C. § 1332(a). See Compl. ¶¶ 1–5. The parties in this action are not completely diverse. See id. at ¶¶ 1–4. Likewise, federal question jurisdiction does not apply under 28 U.S.C. § 1331. Thus, the court lacks subject-matter jurisdiction over Graham's claims. See, e.g., Carden, 494 U.S. at 187.

---

A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. A judgment in rem or quasi in rem may affect the interests of a defendant in a status, property or thing acted upon only if process has been served upon the defendant pursuant to Rule 4(k) of the Rules of Civil Procedure. Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:
   (1)    When the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. This subdivision shall apply whether any such defendant is known or unknown.
   (2)    When the action is to foreclose, redeem from or satisfy a deed of trust, mortgage, claim or lien upon real or personal property in this State.
   (3)    When the action is for a divorce or for annulment of marriage of a resident of this State.
   (4)    When the defendant has property within this State which has been attached or has a debtor within the State who has been garnished. Jurisdiction under this subdivision may be independent of or supplementary to jurisdiction acquired under subdivisions (1), (2) and (3) of this section.
   (5)    In any other action in which in rem or quasi in rem jurisdiction may be constitutionally exercised.

N.C. Gen. Stat. § 1-75.8.

5

B.

Alternatively, the doctrine of collateral estoppel bars Graham's claims. The doctrine of "collateral estoppel" or "issue preclusion" is a subset of the res judicata genre. See In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004); SEC v. Peters, No. 5:17-CV-630, 2021 WL 1112387, at *3 (E.D.N.C. Mar. 22, 2021) (unpublished). "Applying collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." In re Microsoft Corp., 355 F.3d at 326 (cleaned up); see Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). Collateral estoppel applies if the proponent demonstrates:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

In re Microsoft Corp., 355 F.3d at 326; see E. Assoc. Coal Co. v. Dir., Off. of Worker's Comp. Programs, 578 F. App'x 165, 173 (4th Cir. 2014) (per curiam) (unpublished); Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006); Tuttle v. Arlington Cnty. Sch. Bd., 195 F.3d 698, 703 n.6 (4th Cir. 1999); Sedlack, 134 F.3d at 224.

Defendants argue that Judge Shirley's order granting summary judgment addressed the same claims stemming from the validity of the assignment that Graham now brings in this federal action. See [D.E. 17] 5–6; [D.E. 31] 11–12; [D.E. 36] 20–22. Graham's challenge to the validity of the assignment in this federal action replicates the one he asserted in the state court action. Compare Compl. ¶¶ 11, 20, 29, 34 and [D.E. 1-4] with [D.E. 17-1] ¶¶ 2, 4, 11, 13. The state court granted

6

Case 5:23-cv-00030-D-RN   Document 51   Filed 06/08/23   Page 6 of 14

summary judgment in favor of the defendants in the state court case, dismissing Graham's claims with prejudice and finding the assignment valid. See [D.E. 17-1] ¶¶ 11, 13. The state court's order discussed the validity of the assignment, the same issue present in the federal action, was a final, valid order entering judgment in defendants' favor. Graham was a party to the state court proceeding and had a full and fair opportunity to litigate the issue, submitting "several hundred pages of documents" to the state court. Id. at ¶ 6. Thus, because Graham's claims stem from the validity of the assignment, and the state court already decided that the assignment was valid, collateral estoppel bars Graham's claims.

C.

Alternatively, Graham failed to properly serve defendants. Thus, this court lacks personal jurisdiction over defendants.

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, and a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of "service" of process. See Fed. R. Civ. P. 12(b)(4), (b)(5); Lee v. City of Fayetteville, No. 5:15-CV-638, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016) (unpublished). Stated differently, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See, e.g., 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004). For example, a typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint. A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (e.g., a party), to a person or entity incapable of receiving service (e.g., a minor), or that the service was delivered in an improper way (e.g., via first-class mail). See, e.g., Stokes v. JPMorgan Chase Bank, NA, No. 8:11-cv-2620, 2012 WL

7

527600, at *5–6 (D. Md. Feb. 16, 2012) (unpublished). Plaintiff bears the burden of establishing proper service of process. See Mylan Lab'ys., Inc. v. Azko, N.V., 2 F.3d 56, 60 (4th Cir. 1993); Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013).

Service rules ensure due process and personal jurisdiction over a defendant. Moreover, the rules concerning how to serve a corporation help to alert those receiving a corporation's mail that the mail includes a lawsuit deserving prompt attention. These rules concerning service of process apply equally to litigants proceeding with or without counsel. Service of process is not a mere formality, and courts should not overlook procedural deficiencies even if actual notice occurred. See, e.g., Shaver v. Cooleemee Vol. Fire Dep't, No.1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. April 7, 2008) (unpublished); McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130, 2008 WL 2704774, at *4 (W.D.N.C. July 7, 2008) (unpublished); Hoyle v. United Auto Workers Loc. Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

A party may serve a corporation or individual by following the state law rules for service of process where the action is pending. See Fed. R. Civ. P. 4(e) & (h). North Carolina law permits service "[u]pon a domestic or foreign corporation" in the following ways:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

8

N.C. R. Civ. P. 4(j)(6). North Carolina law permits service upon a "natural person" in the following ways:

    a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
    b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
    c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
    d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
    e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1). Plaintiff must prove that he accomplished service of process in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. See Mylan Lab'ys, 2 F.3d at 59–60.

As for MERS, Closeline, and B&S, Graham failed to designate in his summons any of the parties authorized by North Carolina Rule of Civil Procedure 4(j)(6) to accept service on behalf of a corporation. See [D.E. 5, 6, 7, 34]. Accordingly, the summons was "defective" on its face. See Lane v. Winn-Dixie Charlotte, Inc., 169 N.C. App. 180, 187, 609 S.E.2d 456, 460 (2005). Notably, the party to whom service on a corporation must be addressed are essentially the same under the North Carolina Rules of Civil Procedure and the Federal Rules of Civil Procedure. Compare N.C. R. Civ. P. 4(j)(6) (requiring that service be directed or addressed to an "officer, director, or managing agent" or registered agent) with Fed. R. Civ. P. 4(h) (requiring that service be directed to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law"). Graham's

9

summons fail to specify the proper title of an individual to receive service of process on behalf of MERS or Closeline. Graham's summons is defective. Therefore, Graham failed to properly serve the complaint by authorized means or direct or address service of process to any officer, director, or agent of MERS or Closeline. See Fed. R. Civ. P. 12(b)(4); Adams v. GE Money Bank, No. 1:06-cv-227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (unpublished); Shaver, 2008 WL 942560, at *2.

As for Anderson, Graham did not list on the summons Anderson's dwelling or usual place of abode or serve Anderson at his dwelling or usual place of abode. See [D.E. 8]; N.C. R. Civ. P. 4(e), (j)(1); cf. Tydings v. Allied Universal, Inc., No. 3:21-cv-588, 2022 WL 1124214, *4 (W.D.N.C. Apr. 14, 2022) (unpublished).

Where the plaintiff fails to comply with procedural requirements for proper process or service of process, a court may not exercise personal jurisdiction over the defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); McDaniel, 2008 WL 2704774, at *5; Shaver, 2008 WL 942560, at *3; Adams, 2007 WL 1847283, at *3. Thus, this court lacks personal jurisdiction over defendants.

D.

Alternatively, even if the court has jurisdiction over defendants, Graham has failed to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to

10

the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

As for Graham's breach of contract claim, to state a claim for breach of contract "the complaint must allege the existence of a contract between plaintiff and defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to plaintiff from such breach." RGK, Inc. v. U.S. Fid. & Guar. Co., 292 N.C. 668, 675, 235 S.E.2d 234, 238 (1977); Cantrell v. Woodhill Enter., Inc., 273 N.C. 490, 497, 160 S.E.2d 476, 481 (1968).

Graham alleges that defendants breached his "mortgage contract." Compl. ¶ 20. As for Closeline, Anderson, and B&S, Graham fails to allege that any contract existed between him and

11

Closeline, Anderson, or B&S. Closeline, Anderson, and B&S are not parties to the relevant contracts in this action, Graham's Note or the Deed of Trust. See id. at ¶¶ 6, 8; [D.E. 1-2, 36-1]. Moreover, Graham fails to allege what provisions Closeline, Anderson, or B&S breached because Graham fails to allege a contract between Graham and those defendants. As for MERS, Graham alleges that MERS assignment breached his "mortgage contract." See Compl. ¶ 20. Graham, however, fails to allege what provision of the Note or the Deed of Trust MERS breached by the assignment. See id. at ¶¶ 7–22. Thus, Graham's breach of contract claim fails. See, e.g., RGK, Inc., 292 N.C. at 675, 235 S.E.2d at 238; Cantrell., 273 N.C. at 497, 160 S.E.2d at 481.

As for Graham's slander of title claim, slander of title occurs when an individual maliciously makes false statements about the title of another's property, thus causing special damages. See Mecimore v. Cothren, 109 N.C. App. 650, 654, 428 S.E.2d 470, 473 (1993). Under North Carolina law, "[t]he elements of slander of title are (1) the uttering of slanderous words in regard to the title of someone's property, (2) the falsity of the words, (3) malice, and (4) special damages." Id. at 655, 428 S.E.2d at 473.

Graham has not plausibly alleged that any defendant uttered any slanderous words, that those words were false, the words were made with malice, or that he suffered special damages. See Compl. ¶¶ 7–16, 23–30. Graham alleges that MERS knew or should have known that it could not assign the Deed of Trust and alleges issues with the chain of title of the Deed of Trust. See id. at ¶¶ 23–30. Graham's allegations are not slander of title allegations. Moreover, even assuming the references to statements made to Graham by defendants via email or other documents constitute false or slanderous words, see id. at ¶¶ 7–16, 23–30; [D.E. 1-5] 2–3; [D.E. 1-6] 2–3; [D.E. 1-7]; [D.E. 1-8] 2; [D.E. 1-10], Graham has not alleged malice. See, e.g., Cardon v. McConnell, 120 N.C. 461, 461,

12

27 S.E. 109, 109 (1897) (holding that if the defendant's false assertion was made in good faith, a slander-of-title claim fails). Thus, Graham's slander of title claim fails.

As for Graham's fraud claim, a plaintiff must allege a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Forbis v. Neal, 361 N.C. 519, 526–27, 649 S.E.2d 382, 387 (2007). In alleging these elements, the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see United States ex rel. Grant v. United Airlines Inc., 912 F.3d 190, 197 (4th Cir. 2018).

Graham's alleges that "[d]efendants fraudulent conduct" caused him to suffer damages and that "[d]efendants acted with malice, fraud and/or oppression." See Compl. ¶¶ 31–32. Rule 9(b) requires Graham to state his claim of fraud with particularity, which he has failed to do. See Fed. R. Civ. P. 9(b). Graham does not set forth what damages allegedly occurred or any other information to specify his claim of fraud, such as "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008). Thus, Graham fails to plausibly state a claim of fraud. See id. Viewing the complaint in the light most favorable to Graham, Graham's fraud, slander of title, and breach of contract claims fail. Accordingly, the court grants defendants' motion to dismiss.

III.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 16, 30, 35] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1].

13

SO ORDERED. This 8 day of June, 2023.

                                                  */s/ James C. Dever*
                                                  JAMES C. DEVER III
                                                  United States District Judge